IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRENT SCOTT BAILEY, <br> #24713-047, <br><br> Plaintiff, <br><br> vs. <br><br> WARDEN OF UNITED STATES <br> PENITENTIARY – MARION, IL, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 16-cv-01317-MJR <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Brent Scott Bailey, an inmate who is currently incarcerated at the Federal Correctional Institution in Marion, Illinois ("USP-Marion"), filed a "Motion For Mental Examination" (hereinafter "Complaint") in this District on December 7, 2016. (Doc. 1). In the Complaint, Plaintiff alleges that he suffers from major depressive disorder, bipolar disorder, atypical depressive disorder, borderline personality disorder, and obsessive compulsive disorder, among other things. (Doc. 1, p. 2). On or around December 7, 2016, Plaintiff claims that he received "horrific" news. (Doc. 1, p. 3). He offers no insight into the nature of the news. *Id*. However, he seeks a formal mental health evaluation and treatment at a more suitable facility because of it. (Doc. 1, p. 1). Specifically, Plaintiff requests a transfer to Great Plains Regional Medical Center – Sand Hills Unit located in North Platte, Nebraska, or the Lancaster County Crisis Center located in Lincoln, Nebraska. (Doc. 1, pp. 1-2). In support of this request, Plaintiff cites 18 U.S.C. § 4245. *Id*.

This case was opened without receipt of a filing fee or a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). On December 8, 2016, Plaintiff was advised in writing that the

1

case would be dismissed if he did not prepay the $400.00 filing fee for this action or file a properly completed IFP Motion within 30 days. Plaintiff filed his IFP Motion on December 21, 2016. (Doc. 4). The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se*

2

complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint fails to state a claim upon which relief may be granted and shall be dismissed.

## Discussion

Section 4245 establishes a legal framework for the commitment of federal prisoners to mental health facilities within the federal system. 18 U.S.C. § 4245; *Sealed Appellee 1 v. Sealed Appellant 1*, 767 F.3d 418, 422 (5th Cir. 2013). Pursuant to this statute, the Government may file a motion in the district court, in order to request "a hearing on the present mental condition" of a prisoner when that prisoner "objects either in writing or through his attorney to being transferred to a suitable facility for care or treatment." *See id*. In other words, it is the BOP, not the prisoner or the Court, that "has plenary control, subject to statutory constraints, over the place of imprisonment and the treatment programs in which a prisoner may participate." *See Tapia v. United States*, 564 U.S. 319, 328 (2011). "Congress has given the BOP wide latitude to operate facilities and determine the proper physical placement of prisoners and others committed to its care." *Sealed Appellee 1*, 767 F.3d at 422.

As a private citizen, Plaintiff cannot bring a civil action to invoke this federal criminal procedure, just as he cannot bring a private civil action to enforce a federal criminal statute. *See, e.g., Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002) (enforcement of statutory violation under § 1983 requires showing that "Congress intended to create a federal right."). "It is a truism" that has long been recognized by federal courts "that in our federal system crimes are always prosecuted by the Federal Government," not by private complaints. *See Dourlain v. Comm'r of Tax. and Fin.*, 133 F. App'x 765 (7th Cir. 2005) (quoting *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972)). *See also Andrews v. Heaton*, 483 F.3d

1070, 1076 (10th Cir. 2007) (criminal statutes that do not provide for a private right of action are not enforceable through a civil action). Section 4245 authorizes the Federal Government, and not a private citizen, to seek commitment of a prisoner through statutorily prescribed procedures. In light of this fact, Plaintiff's Complaint fails to state any claim for relief and shall therefore be dismissed with prejudice.

Plaintiff's legal remedy, if any, lies in an action brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). A claim may arise if Plaintiff seeks assistance from a federal official who exhibits deliberate indifference to his serious mental health needs. Plaintiff suggests no such thing in the Complaint. He provides no indication that he asked a federal official for mental health treatment or that his request for intervention, treatment, or protection was denied. Before Plaintiff can pursue a claim for a constitutional deprivation pursuant to *Bivens*, he must first suffer a violation of his federal constitutional rights. *Id*. He must also exhaust all available administrative remedies with respect to said claim. *Robinson v. Sherrod*, 631 F.3d 839, 842 (7th Cir. 2011). Given that Plaintiff filed the Complaint on or around the same date that he received the "horrific" news, however, even a *Bivens* claim would be premature at this point. *Id*.

Based on the foregoing discussion, the Complaint shall be dismissed with prejudice for failure to state a claim upon which relief may be granted. However, this Order does not preclude Plaintiff from pursuing a separate suit in federal court pursuant to *Bivens*, once he exhausts all of his available administrative remedies.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) and this action are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Plaintiff shall receive a

"strike" based on this dismissal.  *See* 28 U.S.C. § 1915(g).  However, this Order does not prevent Plaintiff from filing a separate action in this Court for a violation of his federal constitutional rights pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), once he exhausts all of his available administrative remedies.  The Clerk is **DIRECTED** to provide Plaintiff with a copy of the Court's standard civil rights complaint form for use in preparing a Complaint, should it become necessary to file an action pursuant to *Bivens* after Plaintiff exhausts all available administrative remedies.

**IT IS FURTHER ORDERED** that the pending Motion for Leave to Proceed *in forma pauperis* (Doc. 4) shall be addressed in a separate Order of the Court.

If Plaintiff wishes to appeal this Order, he may file a Notice of Appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  12/27/2016**

                                                      s/Michael J. Reagan
                                                     **Chief Judge**
                                                     **United States District Court**